## Lightfoot v. Laster

*Daniel J. McCarthy,* for plaintiffs.

*Milton J. Goodman* and *Bernard V. O'Hare, Jr.,* for defendant.

HENNINGER, P. J., December 10, 1956.—Plaintiffs, father and daughter, on April 1, 1949, entered into a written agreement with defendant for the purchase of 828 Scott Street, Fountain Hill, Lehigh County, for the price of $1,600, of which $500 was or had been paid on account and the balance, principal and interest, was to be paid at $20 per month. All but $108.55 of the purchase price was paid prior to November 1, 1952, and on that date, plaintiffs tendered that amount and demanded a deed.

When no deed was forthcoming, this action was instituted to compel specific performance on June 2, 1954. The case came to hearing on May 23, 1955, and at that time it was agreed that the court should inspect the premises and enter such decree as might seem just. This was done and the court, after inspection, requested a survey which was filed October 26, 1956, and the case submitted to the court for decision.

The problem before the court is to identify the bounds of the premises agreed to be conveyed. Because plaintiffs had already entered into possession, the vagueness of the description cannot be taken advantage of by defendant to avoid his bargain and plaintiffs are entitled to a deed for what they possess.

It is not easy to determine what plaintiffs possess, however, because plaintiffs' home is one of three made in a haphazard manner out of an old carriage house and with no attention paid to the possibility of a later divided ownership. On the ground floor (this property has a sharp slope away from the street) plaintiffs' property measures 16.80 feet from the northeastern wall of the building to a wooden partition wall in the cellar and to a clear vestige of a partition fence to

the rear end of the property. On the first floor, plaintiffs occupy 11.55 feet in the interior of the house by a depth of 22.5 feet with one point at which the house is 12.20 feet wide, tapering to approximately 11.60 feet in the rear of the house and narrowing to 10 feet for a distance of 1.5 feet near the rear of the house.

On the street level, there is a cellar window for coal delivery under the first floor of the dwelling next door. In the rear the entrance to the cellar is also under the first floor of the house next door. There are also undefined encroachments on the second floor.

The obvious solution of the problem lies in giving to each party the land covered by the building occupied by that party with mutual easements to cover encroachments, such easements to continue only so long as the present buildings shall remain upon the premises.

Plaintiffs contend that since they occupy the ground of 5.25 feet beyond their living quarters, they are entitled to legal title thereto. Obviously, however, since defendant's tenants, who are, we are told, like plaintiffs, purchasers under agreement, occupy the living quarters above this ground, title should go to the occupier of the house, with an easement in plaintiffs to continue the necessary arrangements for use of the basement, coal delivery window and back yard outlet. Use of the additional 5.25 feet of back yard is not so essential but the easement is apparent and plaintiffs ought to have its continued enjoyment.

Except for the cellar and back yard, plaintiffs occupy 13.01 feet from the northeastern property line to the first floor partition between 828 and 830 Long Street and 13.74 feet in the rear from the property line to a point on the line of the partition wall extended to the southeastern property line.

Since this comes before us in the form of a bill for specific performance, we shall treat our opinion as an

adjudication and our decree as a decree nisi. This will permit adjustment in a final decree if any obvious errors have been committed in measurement. We have placed the costs, including engineering, upon defendant, because it was his unplanned division of the property which brought about the litigation.

The following decree nisi is to be entered:

"NOW, December 10, 1956, it is ordered, adjudged and decreed that, upon payment of the amount adjudged to be due, Samuel Laster grant and convey to Lena Lightfoot and Sam Kenny, their heirs and assigns, a good and marketable title, free and clear of all encumbrances to *ALL THAT CERTAIN* messuage, tenement and lot or piece of ground, situate on the southeast side of Long Street, formerly Scott Street, in the Borough of Fountain Hill, County of Lehigh and Commonwealth of Pennsylvania, and known as No. 828 Long Street, bounded and described as follows, to wit:

*"BEGINNING* at a point on the southeast side of Long Street 340 feet southwest of Fiot Street; thence extending south 46° 41' west along Long Street 13.01 feet to a partition wall between premises hereby conveyed and other property of Sam Laster known as premises 830 Long Street; thence extending south 43° 19' east along said partition wall 18.22 inches to a point in said wall; thence extending south 46° 41' west, .73 feet to another point in said wall and thence extending south 43° 19' east 27.67 feet to a picket fence on the property now or late of Louis Shifter; thence extending north 47° east 13.74 feet to a point on property now or late of Samuel B. Goodman and thence extending north 43° 19' west 45.97 feet to Long Street at the place of beginning. Said conveyance shall also contain a clause granting plaintiffs, their heirs and assigns, the full use of a strip of ground 5.25 feet wide and 45.89 feet in depth immediately to the south-

west of above described premises as a basement and back yard only, and with a reciprocal easement between the said Lena Lightfoot and Sam Kenny, their heirs and assigns and Sam Laster, his heirs and assigns, permitting them respectively to enjoy and use that part of their respective premises which encroach upon the property of the other, all easements in this paragraph contained, however, to continue only so long as the present buildings upon premises 828 and 830 Long Street shall remain standing. Upon the removal of said structures or upon their damage beyond reasonable repair, the said easements shall cease and both parties, their heirs and assigns shall occupy only such portions to which they hold legal title.

"The costs of these proceedings, including engineer's services, to be paid by defendant."

Now, December 10, 1956, the foregoing adjudication is ordered filed and notice of its filing given respective counsel and, if no exceptions are filed thereto within 20 days after service, the decree nisi shall be entered as the final decree in the case.